IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

COPY
TO
CONFORM

COPY
Original Received
JUL 17 2020
Clerk of the Trial Courts

DISABILITY LAW CENTER OF
ALASKA, NATIVE PEOPLES
ACTION COMMUNITY FUND,
ALASKA PUBLIC INTEREST
RESEARCH GROUP, ALEIJA
STOVER, AND CAMILLE ROSE
NELSON,

    Plaintiffs,

v.

KEVIN MEYER, LIEUTENANT
GOVERNOR OF ALASKA and the
STATE OF ALASKA, DIVISION OF
ELECTIONS,

    Defendants.

Case No.: 3AN-20-_07060_ CI

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, Disability Law Center of Alaska, Native Peoples Action Community Fund, Alaska Public Interest Research Group, Aleija Stover, and Camille Rose Nelson by and through their attorneys, Holmes Weddle & Barcott, PC, and associated counsel, hereby file this complaint against defendants Kevin Meyer, Lieutenant Governor of the State of Alaska, and the State of Alaska, Division of Elections by stating and alleging as follows:

### INTRODUCTION

1.    This case is a challenge to the decision by the Lieutenant Governor and Division of Elections ("Defendants") to proactively mail absentee ballot

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

applications only to registered Alaska voters age 65 and older, while intentionally excluding all other registered Alaska voters.

2.      This case presents intentional age discrimination by Defendants that violates the Alaska Constitution, the Twenty-Sixth Amendment to the U.S. Constitution, and the Equal Protection and Free Speech guarantees of the U.S. Constitution.

3.      In Alaska, "a qualified voter may vote an absentee ballot for any reason." Alaska Stat. § 15.20.010. This March, in response to the pandemic caused by COVID-19, the Legislature recognized that there would be a substantial increase in absentee voting and authorized Defendants either to conduct elections this year entirely by mail or issue additional regulations as necessary to run a safe election. Alaska SB 241 § 9 (enrolled March 28, 2020).

4.      But instead of making voting safer and more accessible for *all* voters, Defendants have instead decided to make it easier for one particular group of voters to vote by absentee ballot than all others. In particular, Defendants have begun proactively mailing applications to vote by absentee ballot to all registered Alaska voters who are at least 65 years old, while excluding all other voters. These mailings began arriving in mailboxes on or about July 13, 2020.[1]

5.      This selective mailing violates the Twenty-Sixth Amendment to the U.S. Constitution, which prohibits Defendants, as Alaska officials acting under

---

[1] *See* Exhibit A, attached.

Complaint for Declaratory and Injunctive Relief                  Page 2
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*    Case No. 3AN-20-_____ CI

color of state law, from "denying or abridging" the right to vote by anyone age 18 or older "on account of age." U.S. Const. amend. XXVI. By choosing to mail applications only to voters 65 and older, the State has made it more difficult for younger voters to vote by absentee ballot than older voters. This age-defined cut-off discriminates among voters and abridges the right to vote on account of age in direct violation of the Twenty-Sixth Amendment.

6.     The selective mailing also violates the Equal Protection and Due Process guarantees of the state and federal constitutions. The Alaska Constitution, for instance, provides that "all persons are equal and entitled to equal rights, opportunities, and protection under the law," Alaska Const. art. I § 1, but the mailing unlawfully and specifically divides the Alaska electorate into two groups based on invalid criteria: age.

7.     By the same reasoning, it also violates the Plaintiffs' rights under the First and Fourteenth Amendments of the U.S. Constitution.

8.     The selective mailing also has disproportionate racial effects. Based on 2018 demographic data, 77% of Alaskans 65 or older are white, but only 67% of Alaskans under that age are white. The mailing thus disproportionately makes it more difficult for people of color to access absentee ballots.

9.     To the extent Defendants claim the selective mailing is intended to protect vulnerable Alaskan voters from COVID-19, the method chosen is not logically or practically aligned with this goal.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Complaint for Declaratory and Injunctive Relief                                          Page 3
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*     Case No. 3AN-20-_____ CI

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

10.    The selective mailing does not protect Alaskans under 65 who experience a disability and may be more susceptible to complications arising from COVID-19. The selective mailing allows recipients to bypass the step of requesting a ballot online through a database that requires a form of state identification. Failure to extend this benefit to Alaskans with disabilities may be a detriment to the Alaskan voters with disabilities who reside in group homes or institutions where they do not have regular internet access, nor do they have a form of state identification that would allow them to request a ballot application online. Residents of group homes and institutions are at particular risk of contracting COVID-19.[2]

11.    On June 24, 2020 Alaska's Chief Medical Officer, Dr. Anne Zink, testified to the Alaska Legislature's Health and Social Services Committee that approximately one-third of Alaskans have one or more medical conditions that puts them at a higher risk of complications from COVID-19.  Additionally, the Center for Disease Control has retracted its earlier advice that "mainly those 65 and older faced higher risk."[3] The new CDC guidance puts greater emphasis on the risks presented by a number of health conditions suffered by young and old alike, including diabetes, obesity and heart conditions, as well as conditions

---

[2] State of Alaska, Department of Health and Social Services: COVID-19 Recommended Guidance for Congregate Residential Settings, available at http://dhss.alaska.gov/dph/Epi/id/SiteAssets/Pages/HumanCoV/COVID-19_Guidance_congregateResidentialsettings.pdf.
[3] https://www.statnews.com/2020/06/25/cdc-broadens-guidance-on-americans-facing-risk-of-severe-covid-19/.

Complaint for Declaratory and Injunctive Relief                                    Page 4
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*     Case No. 3AN-20-_____ CI

particular to younger citizens, like pregnancy.[4] Current incident manager for the CDC's COVID-19 response (and Alaska's former Chief Medical Officer) Jay Butler put it simply:

> Younger people are in no way completely immune to the effects of SARS-CoV-2 nor are they at zero risk of severe manifestations. And among young people, that risk is elevated in those with underlying illness or health conditions, including things like diabetes or obesity.[5]

The selective mailing on its face is under-inclusive of many Alaskans under age 65 who have as great, or greater, risk of complications from COVID-19.

12.     Not only are those under the age of 65 also at risk for COVID-19 complications, they are—according to state epidemiologist, Dr. Joe McLaughlin—currently the source of greatest growth for the virus. The majority of new cases since mid-June have been among Alaskans in their 20s, 30s, and 40s, and case spikes amongst younger people is known to lead to subsequent case growth among older age groups.[6]

13.     Many Alaskans in rural parts of the state live in communities with limited or no medical facilities, as well as limited travel options.[7] The selective

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[4] Id.
[5] Id.
[6] https://www.adn.com/alaska-news/2020/07/09/alaska-records-another-near-record-increase-in-daily-confirmed-coronavirus-cases/.
[7] E.g., Alaska Mapping Business Plan, Appendix 2: An Overview of Communities in Alaska, 49–50 (noting that 79% of Alaska's communities are considered "rural" and that "Alaska's communities are the most remote and rural in the nation"), available at https://www.commerce.alaska.gov/web/Portals/4/pub/AKMBPA2.pdf.

Complaint for Declaratory and Injunctive Relief                                    Page 5
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*     Case No. 3AN-20-_____ CI

mailing is under-inclusive by failing to protect Alaskans who are at greater risk of complications from COVID-19 due to this lack of access to medical services.

14.     At-risk Alaskans commonly share a household with low-risk, healthy Alaskans. By sending an absentee ballot application to voters over 65 and not sending the application to younger Alaskans in the same household, the selective mailing is under inclusive even in its purported goal of protecting elderly Alaskans.

15.     Additionally, healthy Alaskans who contract COVID-19 and do not suffer severe complications, as well as asymptomatic carriers of COVID-19 will routinely come in contact with Alaskans over the age of 65 and place them at risk of infection. The selective mailing is under-inclusive by failing to include all Alaskan voters, which would generally assist in slowing the community spread of the virus. That omission imperils the health of Alaskans of all ages.

16.     Defendants have recently activated an online portal for applications for absentee ballots. However, this portal requires Alaskans know about it, seek it out, and utilize it, and so it is unequal to, and no substitute for, the proactive mailing going to all voters over 65, without any request. In addition, this online portal is fundamentally flawed with respect to rural Alaskans in at least two respects: First, reliable access to the internet is known to be much more scarce

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

in rural Alaskan than on the road system.[8]  Second, this portal relies on Alaska Department of Motor Vehicle records for verification, meaning that those without an official state ID or driver's license are unable to access it.  Many Alaskans in rural parts of the state do not have such an ID, either because a license is not required to drive on many roads in rural areas, or because of limited or no access to a DMV office.[9]

17.    There is a non-discriminatory method to accomplish Defendants' purported goals of protecting Alaskans at risk of COVID-19 complications: Defendants can simply treat all Alaska voters the same, give every Alaska voter the same opportunities and assistance in voter, and mail an absentee voter application to every registered Alaska voter without discriminating among them.

18.    Scarcity of resources is not a factor in Defendants' failure to send absentee ballot applications to all Alaska voters.  In communications with members of the Legislature, Defendants have indicated that "cost is not a factor"

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[8] Jeannette Lee Falsey, "For rural Alaska broadband, the 'middle mile' is everything," Anchorage Daily News, March 18, 2017, https://www.adn.com/features/business-economy/2017/03/18/for-rural-alaska-broadband-the-middle-mile-is-everything/ (noting that "Affordable, high-quality broadband—defined as an internet connection that is faster than dial-up and always available—remains elusive for consumers in rural Alaska.")

[9] See Joe Vigil, "Mobile DMV service coming to rural Alaska," KTVA 11 (Jan. 10, 2020), https://www.ktva.com/story/41545129/mobile-dmv-service-coming-to-rural-alaska (noting that there are only two DMV offices in the Bristol Bay community, and that "a lot of people don't have their driver's license"). See also, the DMV website currently showing that only approximately 31 communities in Alaska have local access to DMV offices: http://doa.alaska.gov/dmv/office/index.htm.

Complaint for Declaratory and Injunctive Relief                                              Page 7
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*      Case No. 3AN-20-_____ CI

in that decision. That indication is correct because the State of Alaska has received approximately $3 million in CARES ACT funding to conduct elections during the pandemic and the estimated cost to send applications to all Alaska voters should be as low as $120,000 or less.[10]

19.    In order to remedy the constitutional issues and violations raised by Defendants' selective absentee ballot application program, this Court should enter an injunction requiring Defendants to mail an absentee ballot application to all registered Alaska voters, regardless of their age, in both the primary and general elections.

## PARTIES

20.    Plaintiff Disability Law Center is the federally mandated Protection and Advocacy System for the State of Alaska empowered to provide legal advocacy for people with disabilities anywhere in Alaska. Plaintiff,

21.    Plaintiff Native Peoples Action Community Fund is a 501(c)(3) non-profit that advocates for Alaska Native causes, including advocating in a non-partisan manner for Alaska Natives' opportunities to vote.

22.    Plaintiff Alaska Public Interest Research Group is a non-partisan consumer advocacy and research organization that focuses on good governance.

23.    Plaintiff Aleija Stover is a 21 year-old Alaskan, who is registered to vote in Anchorage. Ms. Stover suffers from chronic severe asthma which she has

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[10] The state of Ohio reports a cost of $1.5 million for their program to mail absentee ballot applications to all 7.8 million registered voters, less than 20 cents per voter.

Complaint for Declaratory and Injunctive Relief                                              Page 8
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*      Case No. 3AN-20-_____ CI

been informed by her doctor puts her among the highest risk individuals were she to contract COVID-19. Ms. Stover is also one of the organizers of "Alaska Mask Makers" which to date has produced approximately 60,000 cloth masks to help prevent the spread of COVID-19 in Alaska.

24. Plaintiff, Camille Rose Nelson is a 24 year-old registered voter, living in Kotzebue. As a resident of Kotzebue Ms. Nelson has access to only a single significant medical facility, the Maniilaq Health Center. Maniilaq Health Center has only approximately a dozen in-patient beds which could be overwhelmed if a large COVID-19 outbreak occurred among Kotzebue's approximately 3,200 residents.

25. Defendant Kevin Meyer is being sued in his official capacity as the Lieutenant Governor of the State of Alaska.

26. Defendant Division of Elections is an agency of the State of Alaska, Office of the Lieutenant Governor, and is supervised by the Lieutenant Governor.

## JURISDICTION AND VENUE

27. This Court has jurisdiction over this dispute, as well as the ability to enter a declaratory judgment and provide injunctive relief, under AS 22.10.020.

28. Venue is proper in the Third Judicial District as both Defendants maintain offices and may be served within Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

## RELEVANT FACTS AND LEGAL BACKGROUND

**The U.S. and Alaska Constitutions prohibit the State from abridging the right to vote on account of age.**

29.  The Twenty-Sixth Amendment to the United States Constitution was ratified in 1971. Its guarantee is unequivocal: "The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age."

30.  As one Congressperson put it during the debates leading up to ratification, the Amendment "guarantees that citizens who are 18 years of age or older shall not be discriminated against on account of age."[11] Similarly, the Senate Report accompanying the Senate Joint Resolution later enacted as the Amendment noted that "forcing young voters to undertake special burdens— obtaining absentee ballots, or traveling to one centralized location in each city, for example—in order to exercise their right to vote might well serve to dissuade them from participating in the election."[12]

31.  The Amendment's text was "modeled after similar provisions in the [Fifteenth A]mendment, which outlawed racial discrimination at the polls, and the [Nineteenth A]mendment, which enfranchised women."[13] The Amendment's legislative history also demonstrates "an overwhelming influence of Fourteenth

[11] 117 Cong. Rec. 7532, 7534 (1971) (remarks of Rep. Poff).
[12] S. Rep. No. 92-26, at 14 (1971).
[13] *See* 117 Cong. Rec. at 7533 (statement of Rep. Celler).

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

**Exhibit A**

Amendment principles embedded in the push for ratification."[14] Thus, the Twenty-Sixth Amendment must be understood as a civil rights measure [or Amendment] that was intended to—and does in fact—eliminate any possibility of age discrimination in voting.

32. The inclusion in the Amendment of the language "or abridged" underscores that the Amendment serves to "do more than just police states' voting ages."[15] To "abridge" means to "curtail, lessen, or diminish (a right, privilege, etc.); to reduce the extent or scope of."[16] In a related context—the Voting Rights Act—Congress has defined "denial or abridgement" as a practice under which "the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens . . . in that its members *have less opportunity than other members of the electorate* to participate in the political process and to elect representatives of their choice." 52 U.S.C. § 10301(b) (emphasis added). In sum, the Twenty-Sixth Amendment prohibits all practices that affect the right to vote where a government makes it more difficult or unequal for one group of voters to exercise their right to vote than another group, if those competing groups are defined by their ages.

701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

HOLMES WEDDLE & BARCOTT, PC

---

[14] Yael Bromberg, *Youth Voting Rights and the Unfulfilled Promise of the Twenty-Sixth Amendment*, 21 U. Penn J. Const. Law, 1105, 1161 ("Bromberg"); *see also id.* at 1124–27, 1132–34.
[15] Eric S. Fish, *The Twenty-Sixth Amendment Enforcement Power*, 121 Yale L.J. 1168, 1181 (2012).
[16] *Oxford English Dictionary* (3d ed. 2009).

Complaint for Declaratory and Injunctive Relief                                           Page 11
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*         Case No. 3AN-20-_____ CI

33.     Similarly, "the Alaska Constitution gives all . . . residents an equal right to vote." *Hayes v. Municipality of Anchorage*, 46 P.3d 971, 974 (Alaska 2002); *see also Kenai Peninsula Borough v. State*, 743 P.2d 1352, 1371 (Alaska 1987) ("[I]t is clear that the right to vote is fundamental."). Indeed, when it comes to that fundamental right to vote, "it is implicit in [Alaska's] constitutional structure that similarly situated communities be treated in a similar manner." *Id.* at 1371–72. Thus, the State cannot make it more burdensome to vote for eligible voters of a certain age, race, or residence relative to others similarly situated but for those characteristics.

34.     In interpreting inherent rights, including the right to vote, the Alaska Constitution also provides that "all person are equal and entitled to equal rights, opportunities, and protections under the law." Alaska Constitution Art. I Sec. 1.

**The Lieutenant Governor decides to make voting by absentee ballot easier for voters 65 and older than for all others.**

35.     On Thursday, June 11, 2020, the Lieutenant Governor announced a program that intentionally violates these constitutional principles and others. On that date, he announced that registered Alaskan voters 65 and older will automatically receive an absentee ballot application.[17] During an online town hall the next week, he confirmed the plan for the discriminatory mailing while also

[17] https://www.ktuu.com/content/news/Absentee-ballot-applications-to-be-sent-to-all-registered-Alaskan-voters-65-and-older--571204481.html.

Complaint for Declaratory and Injunctive Relief                    Page 12
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*    Case No. 3AN-20-_____ CI

acknowledging that the State is encouraging *all* voters to request absentee ballots or vote early in order to reduce lines on election day.[18]

36.     Plaintiffs, Aleija Stover and Camille Rose Nelson are under age 65, and have not received absentee ballot applications. Therefore, Plaintiffs, like all Alaska voters younger than 65, must proactively begin the process of obtaining a ballot. Additional options all involve multiple additional steps, barriers, and requirements.

37.     For instance, younger voters may use Alaska's Online Absentee Ballot Application, but that system requires both reliable Internet access and certain forms of ID that not all eligible voters have. Or they may use the state's online portal to generate and print a paper application, but that requires not only Internet access but also access to a printer and mailing materials, including a stamp, envelope, and more.

38.     Viewed in context, the discriminatory mailing abridges the right to vote on account of age, because it makes it more difficult for those under 65 to vote absentee than for those 65 and older. This follows logically: Voters 65 and older do not have to take any affirmative step to begin the process of applying for an absentee ballot, because the State has chosen to take that first step for them— *and only for them*—by mailing the applications proactively. As a result, voters under the age of 65 have a diminished opportunity to vote as compared to voters

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[18] https://www.alaskapublic.org/2020/06/21/state-will-mail-absentee-ballot-applications-to-seniors-critics-say-that-suppresses-young-minority-votes/.

Complaint for Declaratory and Injunctive Relief                                  Page 13
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*     Case No. 3AN-20-_____ CI

65 and older (because it is now harder for the younger group of voters to obtain absentee ballots), purely because of their age. That is the very definition of a law or policy that abridges the right to vote on account of age—a textbook violation of the Twenty-Sixth Amendment and the Alaska Constitution.

39.     Data also shows that the discriminatory mailing will have a disparate racial impact on voters of color and Alaska Native voters. As of July 2018, 77% of the 87,304 Alaskans 65 or over was white, but only 67% of the younger cohort of 461,835 voters was white. Thus, only 19,930 people of color (or 11.7% of the total population of people of color) will get the absentee ballot application in the discriminatory mailing. But 67,374 white people (or 17.8% of the total population of white people) will receive the mailing.

40.     The disparate racial impact of the discriminatory mailing is made worse due to guidance from the CDC published on July 10, 2020 indicating that COVID-19 is disproportionately fatal to people of color aged under 65. Overall, 29.5% of nonwhite fatalities were younger than 65 years of age, as opposed to only 13.2% of white fatalities younger than 65.[19]

41.     It is not as if younger voters do not wish to vote by absentee ballot. The opposite is true: based on data from the 2018 election, nationally, 22.5% of voters 18 to 24 and 20.7% of those aged 25 to 34 used at-home ballots in the 2018

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[19] https://www.cdc.gov/mmwr/volumes/69/wr/mm6928e1.htm

Complaint for Declaratory and Injunctive Relief                                    Page 14
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*     Case No. 3AN-20-_____ CI

election. At the same time, 30% of voters over 65 voted at home nationally in 2018. Thus, all age cohorts used absentee balloting a substantial rate in 2018.[20]

42.     Those numbers are expected to surge in elections in 2020 due to the coronavirus pandemic. In the June 23, 2020 primary in Kentucky, 85% of voters voted by absentee ballot—up an astonishing 42.5 times (or 4,250%) from just 2% use of absentee ballots in the 2018 general election in that state.[21] Similarly massive jumps have been seen across the Nation: Maryland went from 4% absentee in 2016 to 97% in 2020; Iowa from 19% to 80%; New Mexico from 7% to 64%; and so on.[22] There is every reason to believe that Alaska will see a similar desire of voters of *all* ages, races, and backgrounds to vote by mail.  Absentee voting through the mail might become the default method of voting in 2020, making equality in its application all the more vital.

43.     The State's explanation for the limited, discriminatory mailing is irrational in light of the nature of the pandemic and the broad use of vote by mail across all age groups that we've seen since the pandemic hit. Lieutenant Governor Meyer explained that older Alaskans "are a very vulnerable group" and that many "are worried about the virus." He noted that in particular older poll workers

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[20] All source data can be found at http://voteathome26.us.
[21] https://www.whas11.com/article/news/local/kentucky-election-absentee-vote-turnout/417-23f2bb1e-ea9a-4c7e-8202-c33f54063ab6, https://www.brennancenter.org/our-work/research-reports/preparing-your-state-election-under-pandemic-conditions.
[22] https://fivethirtyeight.com/features/what-the-june-2-primaries-can-tell-us-about-november/.

Complaint for Declaratory and Injunctive Relief                                         Page 15
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*      Case No. 3AN-20-_____ CI

might not show up, and recognized that "if they're not comfortable, we don't want them to come out."

44. But the State's mailing to all Alaskans over 65 makes no sense of this stated rationale. It is uncontested that there are many other vulnerable Alaskans—such as many individuals with underlying health conditions and individuals with disabilities—who are not receiving the mailing. And both federal and state guidance recommends that *all* Americans engage in social distancing precisely so that the virus does not circulate widely. For this reason, many Alaskans under 65 are "not comfortable" with in-person voting. These are people the State admits it does not want to "come out" to vote. Yet the State is also forcing them to take steps that older voters need not take to obtain absentee ballots.

45. The unconstitutional discrimination in Defendants' current plan to mail absentee applications only to Alaskans over 65 can be remedied only by an order requiring Defendants to send absentee applications to all eligible voters in Alaska.

## COUNT I

### Violation of the Twenty-Sixth Amendment
### (U.S. Const. amend. XXVI, 42 U.S.C. § 1983; 28 U.S.C. §§ 2201, 2202)

46. Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs as if set forth herein.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Complaint for Declaratory and Injunctive Relief                                    Page 16
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*   Case No. 3AN-20-_____ CI

Exhibit A

47. The discriminatory mailing has caused and will cause Alaska voters 65 and older to receive absentee ballot applications automatically based on their age, while voters younger than 65 must take additional steps in order to vote by absentee ballot. Therefore, the mailing discriminates on its face on the basis of age, abridges the voting rights of Alaskans younger than 65 on account of their age, and therefore presumptively violates the Twenty-Sixth Amendment.

48. The state's actions in excluding every voter under the age of 65 are arbitrary and capricious. The state does not have a compelling interest sufficient to justify this discrimination and, even if it did, its actions in sending absentee ballot applications to all voters 65 and older are not narrowly tailored to serve that, or any, interest.

49. Even if the discriminatory mailing is reviewed under a lower standard, Alaskans' Twenty-Sixth Amendment right to vote far outweighs any purported interest the state has in creating or enforcing arbitrary, age-based divisions among groups of voters.

50. Absent relief from this Court, Plaintiffs, and all Alaska voters under 65, will have their rights to vote abridged on account of age.

## COUNT II

### Violation of the Right To Vote; Due Process
### (U.S. Const. amends. I, XIV; 42 U.S.C. § 1983; 28 U.S.C. §§ 2201, 2202)

51. Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs as if set forth herein.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Complaint for Declaratory and Injunctive Relief                                    Page 17
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*     Case No. 3AN-20-_____ CI

52. The right to vote is a fundamental right, and any infringement "must be strictly scrutinized and can only survive scrutiny if the State establishes a compelling state interest and that its action is closely tailored to effectuate that interest and is the least onerous path that can be taken to achieve the State's objective." *Montana Envtl. Info Ctr. V. Dept of Envtl. Quality*, 998 P.2d 1236 (Mont. 1999).

53. Alternatively, a court considering a challenge to a state election law must carefully balance the character and magnitude of injury to the First and Fourteenth Amendment rights that the plaintiff seeks to vindicate against "'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiff's rights.'" *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983)).

54. Alaska's decision to mail absentee ballot applications only to voters 65 and older fails both tests. At the same time that it is making the right to vote easier to assert for voters 65 and older, the State is also encouraging all voters to vote by absentee ballot. Any purported "interest" in avoiding the minimal additional administrative work and cost associated with expanding the mailing to all voters is easily outweighed by the comparative burden that younger voters face by requiring them to obtain absentee ballot applications on their own or vote in-person even if they are "not comfortable" with doing so.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

**Exhibit A**

55.    Absent relief from this Court, Plaintiffs and many other Alaska voters will have their rights to vote abridged.

## COUNT III

### Violation of the Right To Vote; Due Process
### (Alaska Constitution Art. V, Sec. 1 & Art. I, Sec. 1)

56.    Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs as if set forth herein.

57.    The Alaska Constitution provides that "[e]very citizen of the United States who is at least eighteen years of age, who meets registration residency requirements which may be prescribed by law, and who is qualified to vote under this article, may vote in any state or local election." Alaska Const. Art. V, Sec. 1.

58.    As its Declaration of Rights confirms, the Alaska Constitution "is dedicated to the principle[] that all persons . . . are equal and entitled to equal rights, opportunities, and protection under the law." *Id.* art. I § 1.

59.    The Alaska Supreme Court has recognized the rights provided under the United States Constitution and has not hesitated to enhance those rights though Alaska's constitutional framework.  "Although the federal constitution sets the minimum protections afforded to individual liberty and privacy interests, the Alaska Constitution often provides more protection."[23]

> "[W]e are not limited by decisions of the United States Supreme Court or the United States Constitution when we

---

[23] *Myers v. Alaska Psychiatric Inst.*, 138 P.3d 238, 245 (Alaska 2006) (citing *Valley Hosp. Ass'n v. Mat-Su Coal.*, 948 P.2d 963, 966-67 (Alaska 1997)).

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

expound our state constitution; the Alaska Constitution may have broader safeguards than the minimum federal standards."[24]

60.     The discriminatory mailing violates Art. V, Sec. 1 of the Alaska Constitution for the same reason it violates the Twenty-Sixth Amendment—because it makes voting easier and more accessible for one group of Alaskans, and consequently more difficult in a relative sense for all others, based solely on their age.

## COUNT IV

### Violation of Civil Rights
### (Alaska Constitution Art. 1, Sec. 3)

61.     Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs as if set forth herein.

62.     The Alaska Constitution provides that "No person is to be denied the enjoyment of any civil or political right because of race, color, creed, sex, or national origin." Alaska Const. Art. I § 3.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[24] *Roberts v. State*, 458 P.2d 340, 342-43 (Alaska 1969) (citing U.S. Const. amend. IX). *See also Baker v. City of Fairbanks*, 471 P.2d 386, 401-02 (Alaska 1970) (footnote and citations omitted). "While we must enforce the minimum constitutional standards imposed upon us by the United States Supreme Court's interpretation of the Fourteenth Amendment, we are free, and we are under a duty, to develop additional constitutional rights and privileges under our Alaska Constitution if we find such fundamental rights and privileges to be within the intention and spirit of our local constitutional language and to be necessary for the kind of civilized life and ordered liberty which is at the core of our constitutional heritage. We need not stand by idly and passively, waiting for constitutional direction form the highest court of the land. Instead, we should be moving concurrently to develop and expound the principles embedded in our constitutional law."

Complaint for Declaratory and Injunctive Relief                                         Page 20
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*     Case No. 3AN-20-_____ CI

63. The discriminatory mailing makes it easier for Alaskans who are 65 and older to exercise their right to vote than for Alaskans younger than 65. People of color make up a higher proportion of Alaskans under the age of 65 than of Alaskans 65 and older. Therefore, the discriminatory mailing violates Section 3 of Article I of the Alaska Constitution.

## COUNT V

### Violation of Right to Vote on Geographic Basis
### (Alaska Constitution)

64. Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs as if set forth herein.

65. The Alaska Constitution requires that "similarly situated communities be treated in a similar manner" with respect to the right to vote. *Kenai Peninsula Borough v. State*, 743 P.2d 1352 (Alaska 1987) (interpreting Alaska Const. Art. II, Sec. 19 regarding redistricting).

66. The discriminatory mailing will reach proportionally fewer Alaskans in rural Alaska because people of color, particularly Alaska Natives, make up a higher percentage of those Alaskans living in rural Alaska.[25] As described above, people of color make up a significantly lower portion of the voters aged over 65. Accordingly, rural Alaska will be disproportionately underserved, and discriminated against, by the Defendants' plan.

---

[25] Alaska Population Overview, Table 2.10, 2.11 (showing population data by age and ethnicity for each region, borough, and census area),
https://live.laborstats.alaska.gov/pop/estimates/pub/13popover.pdf.

Complaint for Declaratory and Injunctive Relief        Page 21
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*    Case No. 3AN-20-_____ CI

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

## COUNT VI

### Failure to Provide Reasonable Accommodations in Violation of Title II of the Americans with Disabilities Act
### (42 U.S.C. §§ 12131, et seq.)

67.     Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs as if set forth herein.

68.     Congress found in enacting the Americans with Disabilities Act (ADA) that "discrimination against individuals with disabilities persists in such critical areas as... voting"[26] and authorized the ADA to "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."[27]

69.     Title II of the ADA prohibits the State from excluding or denying a qualified individual with a disability from the benefits of the services, programs, or activities of the State, by reason of their disability.[28]

70.     Alaskans with disabilities can be found among every other demographic of Alaskan voter.

71.     Many individuals with disabilities face an elevated risk of infection or severe illness from COVID-19 because of underlying health conditions.[29] This includes many Alaskan voters who have a disability within the meaning of the

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[26] 42 U.S.C. § 12101(3).
[27] 42 U.S.C. § 12101(b)(1).
[28] 42 U.S.C. § 12132.et. seq.
[29] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-disabilities.html.

Complaint for Declaratory and Injunctive Relief                                              Page 22
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*     Case No. 3AN-20-_____ CI

ADA who may face a significant risk of severe illness or death should they contract COVID-19.

72.     This class of Alaskan voters with disabilities who are under 65 years of age will not receive the benefit of the State's discriminatory mailer. To the extent that the State recognizes that voters over 65 are "a very vulnerable group" and "if they are not comfortable, we don't want them to come out," the state has failed to recognize that the same concern exists for Alaskans with disabilities under 65.

73.     Additionally, many Alaskans with disabilities who may reside in group homes or institutions may face the same complications to apply for mail in voting as rural voters, as residential or institutional care may not have accessible internet, and many of these residents may not have state identification.

74.     In addition to the lack of reliable internet and State identification that some voters with disabilities may face, many voters experiencing developmental or intellectual disability may not have the sophistication to use the State's electronic database to request a mail in voting application.

75.     A reasonable accommodation under the ADA would include mailing an absentee ballot application to every Alaskan with a disability, as it has chosen to do for all Alaskans over the age of 65.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Complaint for Declaratory and Injunctive Relief                    Page 23
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*    Case No. 3AN-20-_____ CI

76.     The failure to provide this accommodation is a denial of the benefit provided to older voters and creates an unnecessary additional step to apply for mail in voting.

77.     The requested relief, while covering more than just the class of individuals protected by the ADA, will ensure that every Alaskan with a disability will have the opportunity to apply to vote by mail should they choose to do so. The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities.[30]

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court:

a.     Declare that the discriminatory mailing violates the Twenty-Sixth Amendment to the U.S. Constitution, the First and Fourteenth Amendments to the U.S. Constitution; Section 1, Article V of the Alaska Constitution; Section 3, Article 1 of the Alaska Constitution; Section 19, Article II of the Alaska Constitution; and Title II of the Americans with Disabilities Act.

b.     Require Defendants, all of their agents, officers, employees, successors, and all persons acting in concert with them, or any other official to send an absentee ballot application to all qualified Alaska voters regardless of age in both the Primary and General Elections in 2020;

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

---

[30] 42 U.S.C. §§ 12188(a)(1)-(2).

Complaint for Declaratory and Injunctive Relief                                    Page 24
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*     Case No. 3AN-20-_____ CI

c.      Prohibit Defendants, all of their agents, officers, employees, successors, all persons acting in concert with them, or any other official from using age, geography, or race as a consideration in distributing further materials regarding absentee voting, or otherwise from discriminating on the basis of age in the administration of any election in 2020;

d.      Find that Plaintiffs are public interest litigants seeking the enforcement of constitutional rights in this proceeding.

e.      Award Plaintiffs their full costs and attorneys' fees as required by AS 9.60.010(c)

f.      Grant any and all additional relief to which Plaintiffs are entitled.

RESPECTFULLY SUBMITTED at Anchorage, Alaska this 17th day of July 2020.

HOLMES WEDDLE & BARCOTT, PC
Co-Counsel for Plaintiffs


By:  _____
      Scott M. Kendall
      Alaska Bar No. 0405019
      Samuel G. Gottstein
      Alaska Bar No. 1511099

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Complaint for Declaratory and Injunctive Relief                                      Page 25
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*      Case No. 3AN-20-_____ CI

Exhibit A
Page 25 of 30

STRIS & MAHER LLP
Co-Counsel for Plaintiffs

By: _____
Michael Donofrio*
Stris & Maher LLP, 2d Floor
28 Elm Street
Montpelier, VT 05602
(802) 858-4465
Michael.Donofrio@strismaher.com
*Motion to appear pro hac vice
forthcoming

EQUAL CITIZENS
Co-Counsel for Plaintiffs

By: _____
Jason Harrow*
Equal Citizens
3243 S. La Cienega Blvd.
Suite B
Los Angeles, CA 90064
Phone: (610) 357-9614
jason@equalcitizens.us
*Motion to appear pro hac vice
forthcoming

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

Complaint for Declaratory and Injunctive Relief                    Page 26
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*    Case No. 3AN-20-_____ CI

**Exhibit A**
Case 3:20-cv-00173-JMK   Document 1-1   Filed 07/20/20   Page 26 of 30
**Page 26 of 30**



PRSRT First Class
U.S. POSTAGE
**PAID**
ANCHORAGE, AK
PERMIT NO. 620



PRSRT First Class
U.S. POSTAGE
**PAID**
ANCHORAGE, AK
PERMIT NO. 620

000034  0015285  SCH-5-DIGIT 99503

Redaction

000034  0015285  SCH-5-DIGIT 99503

Redaction

Office of Lt. Governor Kevin Meyer
Division of Elections
PO Box 110017
Juneau, AK 99811-0017

Office of Lt. Governor Kevin Meyer
Division of Elections
PO Box 110017
Juneau, AK 99811-0017

Exhibit A - Page 1

**Exhibit A**



Lieutenant Governor Kevin Meyer
STATE OF ALASKA

June 17, 2020

Dear State of Alaska Voter,

With the Primary Election approaching on Tuesday, August 18, 2020, and the General Election on Tuesday, November 3, 2020, we have worked hard to form a solution that promotes both a <u>safe</u> and a <u>secure</u> election.

While some of you either may not be able or may choose not to vote in person, your voice can still be heard through your absentee ballot. Alaskan voters are welcome, as they have always been, to utilize absentee voting to vote by mail. Voters can submit one application and opt to receive ballots by mail for all state conducted elections in a calendar year. Voters can request a by-mail ballot for both the primary and general elections without needing a reason.

To simplify the process and make it more convenient, I have enclosed an absentee ballot application. The information to explain the absentee ballot process and deadlines for filing can be found on-line at: <u>http://www.elections.alaska.gov.</u> Additionally, you can also complete and submit a PDF fillable absentee ballot application on-line.

Of course, voters who are not comfortable with absentee vote by mail may still utilize early voting up to two weeks prior to Election Day, or traditional in person voting on Election Day. All three of these options will be available for both the primary and general elections.

For additional assistance, please contact the <u>Absentee and Petition Office</u> by phone at (907) 270-2700 (Toll-Free 877-375-6508) or via Email at akabsentee@alaska.gov.

From the Office of the Lt. Governor and the Alaska Division of Elections please accept our best regards and wishes that you all have a safe and secure voting experience.

Sincerely,

Lt. Governor Kevin Meyer

Juneau Office: Post Office Box 110015 • Juneau, Alaska 99811 •907-465-3520 voice •907-465-5400 fax
Anchorage Office: 550 West 7th Avenue, Suite 1700 • Anchorage, Alaska 99501 • 907-269-7460 voice • 907-269-0263 fax
lt.governor@alaska.gov • www.ltgov.alaska.gov

Exhibit A - Page 2

# Alaska Absentee Ballot Application – For Federal and State Elections

| | | |
|---|---|---|
| **Elections** | **1** | ☐ All in Calendar Year   ☐ Primary (August)   ☐ General (November)   ☐ REAA (October) |
| **Eligibility** <br> If you answer 'No' to either question, you cannot register. | **2** | Are you a citizen of the United States?   ☐ Yes   ☐ No <br><br> Are you 18 years of age or within 90 days of your 18th birthday?   ☐ Yes   ☐ No |
| **Print your name** | **3.** | _____ <br> Last          First          Middle          Suffix |
| **Other information** | **4** | Former name (if changed):          Voter number (if known): |
| **Alaska residence address -** <br> Provide an Alaska residence address. Do not use PO, PSC, HC and Box or out-of-state address. | **5** | _____ Alaska <br> House #   Street Name   Apt #   City   State <br> ☐ *Keep my residence address confidential. Mailing address in 6 MUST be different than residence in 5. |
| **The address where you receive mail (Permanent)** | **6** | |
| **Identifiers** <br> You **MUST** provide **ONE**. | **7** | ☐ I do not have an SSN or AK driver's license or State ID <br> *SSN or Last 4      *Alaska driver's license or State ID No. |
| **Birthdate and Gender** <br> You **MUST** provide **Birthdate** | **8** | *Birthdate _____   Gender ☐ Male   ☐ Female |
| **Political party affiliation** | **9** | Write political affiliation (For options, see instructions): |
| **Military and Overseas Voters** <br> Check your status and how you want your ballot sent. | **10** | ☐ Active member of the Uniformed Services, Merchant Marine, or commissioned corps or an eligible spouse or dependent. <br> ☐ Or, I am residing temporarily or permanently **overseas** and intend to return to Alaska. <br> ☐ **Mail** – Complete box 13   ☐ **Online** – Provide email in box 14   ☐ **Fax** – Provide fax in box 14 |
| **\*Primary ballot option** <br> Select ONLY ONE | **11** | The political affiliation that you are registered with 30 days before an election determines your primary ballot option. <br> ☐ Alaska Democratic Party and Alaskan Independence Party candidates. <br> ☐ Alaska Republican Party candidates. |
| **In remote Alaska or overseas?** | **12** | ☐ Yes, I will be in remote Alaska or overseas where mail service is limited. If yes, a 45-day advance ballot will be mailed to you. |
| **Ballot mailing address.** <br> Ballots **WILL NOT** be forwarded. Provide an address where you will receive mail. | **13** | |
| **Contact information** <br> Include all state and international prefixes. | **14** | Day Phone:          Evening Phone: <br> Email:          Fax No.: |
| **Certificate Read and Sign** <br> **Your signature must be handwritten.** A typed or digital signature is not valid. | **15** | I swear or affirm, under penalty of perjury, that: The information on this form is true, accurate, and complete to the best of my knowledge and I am eligible to vote in the requested jurisdiction, I am not requesting a ballot from any other state, and I am not voting in any other manner in this (these) election(s). I further certify that I am an Alaska resident and that I have not been convicted of a felony, or having been so convicted, have been unconditionally discharged from incarceration, probation and/or parole. I am not registered to vote in another state, or I have taken the necessary steps to cancel that registration. **WARNING: If you provide false information on this application you can be convicted of a felony and/or misdemeanor. (AS 15.56.040; AS 15.56.050)** |
| | | **\*Signature:** _____   **Date:** _____ |
| **For Office Use** | | Registrar or Official Name:          Voter No. or last 4 of SSN: |

\*Items are kept confidential by the Division of Elections and are not available for public inspection except that confidential addresses may be released to government agencies or during election processes as set out in state law.

www.elections.alaska.gov          C06C (Rev. 9/16/2019)

Exhibit A - Page 3



# Alaska Absentee Ballot Application
## For State and Federal Elections

## Apply for a federal and state absentee ballot

Use this form at the same time to:
- Request an absentee ballot.
- Register to vote.
- Change your registration information.

## To register you must be

- A United States citizen.
- A resident of Alaska.
- 18 years of age or within 90 days of your 18th birthday.
- When registering to vote, your identity must be verified. Submit a copy of your current driver's license, state ID, passport, birth certificate, hunting and fishing license or current and valid photo ID with your application.

## Ballots will NOT be forwarded

- Provide a permanent mailing address.
- Provide a ballot mailing address where you will receive mail. If you do not provide a ballot mailing address, your ballot will be sent to your permanent mailing address.

## Identifiers and contact

- You MUST provide ONE identifier and your birthdate.
- Provide a contact telephone number and/or email information. If there is a problem with your application, we will contact you.

## Alaska residence address

- Provide an Alaska residence address. Your application will be denied if you provide an out-of-state address, PO Box, HC number and box, rural route, commercial address, mail stop address, etc.

## Temporarily out-of-state and intent to return?

- You may maintain your Alaska residence address as the address you lived at prior to leaving Alaska or where you are currently registered in Alaska. *Active military members and spouses, you are exempt from the intent to return to Alaska requirement.*

## Military or overseas?

- When requesting a by-fax or online delivery ballot, your application must be received by 5:00 p.m. Alaska Standard Time the day prior to a primary, general or statewide election.
- Be sure to provide your fax number or email address when requesting a fax or online delivery ballot.
- Overseas citizens, if you do not intend to return to Alaska and wish to participate in federal elections, please contact our office listed under 'Questions?' to receive the correct application.

## Deadlines

- Already registered? Your application must be received 10 days before an election.
- Registering to vote? To vote in an election, your application must be postmarked or received 30 days prior to an election, except in a presidential election.
- In a presidential election, you may register and vote the presidential race so long as your request for a by-mail ballot is received 10 days prior to the election.

## Submit your application

- Mail your application:
  Division of Elections
  Absentee and Petition Office
  2525 Gambell Street, Suite 105
  Anchorage AK 99503-2838
- Fax your application:
  907-677-9943
  855-677-9943 (toll free in U.S.)
- Email your application:
  akabsentee@alaska.gov

## Questions?

- Call us:
  907-270-2700
  877-375-6508 (toll free in U.S.)
- Email us:
  akabsentee@alaska.gov
- Visit our website:
  elections.alaska.gov

## Political parties

**Recognized Political Parties** are parties who have gained recognized political party status under Alaska statutes: Alaska Democratic Party, Alaska Republican Party and Alaskan Independence Party

**Political Groups** are parties who have applied for party status but have not met the qualifications required in Alaska statutes: Alaska Libertarian Party, Alliance Party of Alaska, Green Party of Alaska, Moderate Party of Alaska, OWL Party, Patriot's Party of Alaska, Progressive Party of Alaska, UCES' Clowns Party, Veterans Party of Alaska

**Other Political Affiliations**: Nonpartisan (not affiliated with a political party or group) or Undeclared (do not wish to declare a political party or group)

## Primary election

To vote in a primary election, you must select a ballot option. The political affiliation you are registered with 30 days before the election determines your option. If you are registered nonpartisan or undeclared and do not select an option, your application will not be processed for the primary election.

- Any registered voter may choose the Alaska Democratic Party and Alaskan Independence Party candidates ballot option.
- Only voters registered Republican, Nonpartisan or Undeclared may choose the Alaska Republican Party candidates ballot option.

C06C (Rev. 9/16/2019)

Exhibit A - Page 4

**Exhibit A**