Thomas P. Amodio
Keri-Ann C. Baker
Reeves Amodio LLC
500 L. Street Ste. 300
Anchorage, Alaska 99501
907-222-7100
*tom@reevesamodio.com*
*Kbaker@reevesamodio.com*

Attorneys for Intervening Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DISABLE LAW CENTER OF ALASKA, NATIVE PEOPLES ACTION COMMUNITY FUND, ALASKA PUBLIC INTEREST RESEARCH GROUP, ALEIJA STOVER, and CAMILLE ROSE NELSON,<br><br>Plaintiffs,<br><br>ALASKA COMMUNITY ACTION ON TOXICS, the ALASKA CENTER EDUCATION FUND, and PLANNED PARENTHOOD VOTES NORTHWEST AND HAWAII,<br><br>Intervening Plaintiffs,<br><br>vs.<br><br>KEVIN MEYER, LIEUTENANT GOVERNOR OF ALASKA and the STATE OF ALASKA, DIVISION OF ELECTIONS,<br><br>Defendants. | Case No.: 3:20-cv-00173-JMK |

## **MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

MEMO IN SUPPORT OF MOTION TO INTERVENE
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK

Case 3:20-cv-00173-JMK   Document 17-1   Filed 07/28/20   Page 1 of 12   PAGE 1 OF 12

Intervening Plaintiffs, ALASKA COMMUNITY ACTION ON TOXICS ("ACAT"), The ALASKA CENTER EDUCATION FUND ("ACEF"), and PLANNED PARENTHOOD VOTES NORTHWEST & HAWAII ("Planned Parenthood") submit this memorandum in support of their Motion to Intervene in this proceeding[1].

## RELEVANT FACTS

This case involves the decision by the Lieutenant Governor and the Division of Elections to provide preferential treatment to some Alaskan voters in order to protect those voters from the impacts of COVID-19 by facilitating their access to absentee ballots as compared to other groups of people. Defendants have identified persons age 65 or older as high-risk and deserving of special protections. The Plaintiffs filed suit to prevent this discriminatory practice, but the Plaintiffs represent other high-risk individuals including disabled voters, indigenous populations, and persons with preexisting conditions. It is true that some of the Intervening Plaintiffs' claims overlap with the Plaintiffs' claims. For example, Plaintiffs' goal is to protect the interests of Plaintiffs, and their members, which are primarily comprised of other high-risk individuals. The Intervening Plaintiffs share that goal. However, the Intervening Plaintiffs seek something broader – protection of all voters -including those individual not considered high-risk.

COVID-19 affects different people in different ways. Those infected with COVID-19 have a wide range of symptoms ranging from mild to severe. Medical professionals are still trying to fully understand how COVID-19 is spread and why it affects some people dramatically differently than other people. COVID-19 has noticeably reshaped daily life in Alaska. In mid-March 2020, Governor Dunleavy ordered that public schools close. Shortly thereafter restaurants, movie theaters, and gyms were restricted. Alaska municipalities enacted a mixture of various hunker down orders, travel restrictions, quarantine requirements and numerous other protective measures designed to curtail the spread of COVID-19.

---

[1] This memorandum also supports Plaintiffs' alternative request for to submit a brief of amici curiae.

MEMO IN SUPPORT OF MOTION TO INTERVENE
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
Case 3:20-cv-00173-JMK   Document 17-1   Filed 07/28/20   Page 2 of 12   PAGE 2 OF 12

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

Notwithstanding the fact that people of all age groups are at risk of becoming infected if they must vote in person, Defendants chose to automatically mail absentee ballot applications only to registered Alaskan voters age 65 or older. The Defendants' decision intentionally makes it easier for voters of a certain age to obtain access to absentee ballots while discriminating against voters who are not 65 years old or older. Intervening Plaintiffs seek to extend the application of Defendants sensible policy to automatically mail absentee ballot applications to all registered voters in Alaska.

## The Intervening Parties

ACAT speaks for its members, donors, and representative populations that share its mission. ACAT's mission is to assure environmental health and justice in Alaska by advocating for environmental and community health. ACAT is involved in voter rights issues through its integrated voter engagement and civic engagement programs that aim to increase voter participation and engagement, especially among historically underrepresented populations, including Alaska Natives, people of color, women, young voters, and low-propensity voters. ACAT is funded through individual contributions from supporters, contributions from foundations, and federal research grants. ACAT believes that everyone has a right to clean air, clean water, and toxic-free food. ACAT works to achieve its goals through collaborative research, science, education, organizing, and advocacy. ACAT has a protectable interest that will be impacted by this lawsuit and is not adequately represented by other parties to this lawsuit. ACAT represents individuals considered high-risk and those that are not high-risk. ACAT seeks to protect all its members both those that are high-risk and non-high-risk. Accordingly, ACAT should be allowed to intervene as a matter of right under Rule 24(a).

The mission of ACEF is to "educate, engage, and empower Alaskans of all ages to support our clean air and water, healthy communities, and a strong democracy." Its vision is to create a "thriving, just, and sustainable Alaska for future generations." ACEF is actively engaged in educating and cultivating young people to be effective community advocates, encouraging civic

MEMO IN SUPPORT OF MOTION TO INTERVENE
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
Case 3:20-cv-00173-JMK   Document 17-1   Filed 07/28/20   Page 3 of 12   PAGE 3 OF 12

participation through nonpartisan voter education and engagement programs, especially historically underrepresented populations including young voters, women, people of color, and low-propensity voters, and encouraging its members to achieve enduring policy change through advocacy. Many of ACEF's members are not 65 years old or older and are impacted by the Defendants' decision not to send them absentee ballot applications. ACEF has a protectable interest that will be impacted by this lawsuit and is not adequately represented by other parties to this lawsuit. ACEF represents individuals considered high-risk and those that are not high-risk. ACEF seeks to protect all its members, both those that are considered high-risk and non-high-risk. Therefore, ACEF should be permitted to intervene as a matter of right under Rule 24(a).

Planned Parenthood speaks for its members, many of whom are under age 65. Planned Parenthood protects and promotes reproductive health, rights and justice. Planned Parenthood does this by advocating for public policies that guarantee the right to choice and full and nondiscriminatory access to reproductive health care, and fostering and preserving a social and political climate favorable to the exercise of reproductive choice through voter education, voter engagement, and candidate endorsement. Planned Parenthood educates community members and policy makers about reproductive health in Alaska, and works to ensure that patients can continue to receive the care they need regardless of insurance status, immigration status, gender identity, gender expression, and/or sexual orientation. Planned Parenthood has a protectable interest that will be impacted by this lawsuit and is not adequately addressed by other parties to the lawsuit. Planned Parenthood represents individuals considered high-risk and those that are not high-risk. Planned Parenthood seeks to protect all of its members, both those that are at high-risk and those that are non-high-risk. Hence, Planned Parenthood should be allowed to intervene as a matter of right under Rule 24(a).

There is no legitimate rational basis for providing additional voting opportunities to some voters while deliberately discriminating against other voters based on age. The Defendants should

MEMO IN SUPPORT OF MOTION TO INTERVENE
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
PAGE 4 OF 12

Case 3:20-cv-00173-JMK   Document 17-1   Filed 07/28/20   Page 4 of 12

not be allowed to pick and choose the voters it prefers to assist in the discriminatory manner that it has chosen to implement. Intervening Plaintiffs seek intervention to protect its members and representative population from Defendants' discrimination.

## ARGUMENT

Federal Civil Procedure Rule 24 governs intervention in a court action such as this one. In this instance, the Intervening Parties should be allowed the right to intervene in this lawsuit, both as a matter of right and as a matter of discretion.

### I. The Intervening Plaintiffs Should be Permitted to Intervention as Matter of Right.

In the Ninth Circuit, courts apply a four-part test to determine if a party has the right to intervene under Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817-18 (9th Cir. 2001). *See also United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002).

The Ninth Circuit has determined that a federal district court must grant a motion to intervene if the applicant satisfies these four requirements. *Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc. [CRP]*, 309 F.3d 1113, 1119 (9th Cir. 2002), citing *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

As a general rule, moreover, Federal Rule 24(a)(2) is liberally construed in favor of "potential intervenors," *Southwest Center for Biological Diversity*, 268 F.3d at 818, because it "'serves both efficient resolution of issues and broadened access to the courts.'" *U.S. v. L.A.*, 288 F.3d at 397-98, quoting *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (internal quotation omitted).

MEMO IN SUPPORT OF MOTION TO INTERVENE
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
Case 3:20-cv-00173-JMK   Document 17-1   Filed 07/28/20   Page 5 of 12   PAGE 5 OF 12

In applying the test, federal courts are guided primarily by "'practical considerations,' not technical distinctions." *Southwest Center for Biological Diversity*, 268 F.3d at 818, *quoting United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986). "'By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.'" *U.S. v. L.A.*, 288 at 398, *quoting Forest Conservation Council*, 66 F.3d at 1496 n.8 (internal quotation omitted). Thus, where a party seeking intervention will be substantially affected in a practical sense by the determination made in the action, the party is generally entitled to intervene. *U. S. v. Stringfellow*, 783 F.2d at 826.

### A. **Intervention is Timely.**

Timeliness of a motion to intervene is a flexible concept. *See Blake v. Pallan*, 545 F.2d 947, 951-52 (9th Cir. 1977). In *Blake*, the court found a motion to intervene timely even though it was brought 11 months after the action was filed. *Id.* The Ninth Circuit evaluates three factors to determine whether a motion to intervene is timely:

> (1) the stage of the proceedings at which an applicant seeks to intervene;
> (2) the prejudice to other parties; and (3) the reason for and length of the delay.

*Dep't of Toxic Substances Control v. CRP*, 309 F.3d at 1119, *quoting U.S. v. Washington*, 86 F.3d at 1503.

In the present case, the lawsuit is in a preliminary phase, and no matters of substance have yet occurred. Under the circumstances, there is no doubt that this motion is timely. The case was removed from state Superior Court to federal District Court 8 days ago, and Defendants have not even filed answers to the amended complaint. It appears there has been no discovery, and no issues or motions of substance have yet been decided. Further, there will be no delay or prejudice to the other parties because the Intervening Plaintiffs have taken steps to avoid any delays by agreeing with the stipulated deadlines filed by the parties and by joining in the Plaintiffs' motion for injunctive relief. (Due to

MEMO IN SUPPORT OF MOTION TO INTERVENE
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
PAGE 6 OF 12

Case 3:20-cv-00173-JMK    Document 17-1    Filed 07/28/20    Page 6 of 12

filing deadlines stipulated to by the parties in this the case, the Intervening Plaintiffs have already filed their joinder.)

### B. The Intervening Plaintiffs have a "Significantly Protectable" Interest in the Subject of this Action.

Whether the applicant for intervention demonstrates "sufficient interest in an action is a practical, threshold inquiry." *Southwest Center for Biological Diversity*, 268 F.3d at 818, *quoting Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). "'No specific legal or equitable interest need be established.'" *Id.* at 818, *quoting Greene v. U.S.*, 996 F.2d at 976. In fact, it is "'generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protectable interest and the claims at issue.'" *Id., quoting Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993). Thus, the "interest" test is "'primarily a practical guide disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" *U.S. v. L.A.*, 288 F.3d at 398, *quoting County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980).

The Intervening Plaintiffs have real and substantial interests in the subject matter of this action – to protect the voting rights of all their members and representative populations and to ensure that voting opportunities are applied equally to its members. Thousands of Americans that have contracted COVID-19 have suffered life-threatening illness and death. At this point it is not entirely clear why both high-risk individuals and otherwise healthy adults can suffer these dramatic consequences from a COVID-19 infection. Intervening Plaintiffs represent high-risk individuals and populations, but they also represent so called low-risk individuals that should be equally protected by the Defendants. It is irrational that Defendants have chosen to protect some Alaskan voters while leaving others to fend for themselves. Defendants do not know who will face life threatening consequences from a COVID-19 infection. Thus, having determined that COVID-19 poses a risk to Alaskan voters it is irrational for the Defendants to impose a policy that only protects a select few.

MEMO IN SUPPORT OF MOTION TO INTERVENE
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
PAGE 7 OF 12

Case 3:20-cv-00173-JMK   Document 17-1   Filed 07/28/20   Page 7 of 12

Intervening Plaintiffs seek protection for all its members and representative populations whether these members are considered to be in a high-risk category or not. The Intervening Plaintiffs have demonstrated that each has a real and substantial interest in the subject matter of the lawsuit. Accordingly, the Intervening Plaintiffs clearly have a significantly protectable interest in these proceedings.

### C. The Intervening Plaintiffs' Ability to Protect Their Interest May be Impaired or Impeded as a Result of the Disposition of this Action.

The prospect of *stare decisis* alone may "supply the requisite practical impairment warranting intervention of right." *Stringfellow*, 783 F.2d at 826. The Plaintiffs' main goal is to require the Defendants to automatically mail ballot applications to other high-risk populations. Intervening Plaintiffs believe that Defendants should not pick and choose who to protect based solely on age. However, Intervening Plaintiffs seek protection for all Alaskan voters – not just those voters classified as high-risk. A decision by this court without Intervening Plaintiffs could overlook this important issue.

The Intervening Plaintiffs have a protectable interest in ensuring that their members and representative populations, both high-risk and healthy are provided with the same voting opportunities as all other Alaskan voters. The Intervening Plaintiffs' interests may be impaired as a consequence of this action because other parties seek to extend the protections created by the Defendants to other high-risk individuals. The Defendants acknowledge that COVID-19 poses a risk to those 65 years or older but ignores the fact that COVID-19 poses a risk to other high-risk individuals as well as those that are not considered high-risk.

At this point COVID-19 and its myriad of risks are not well understood but we do know that some people are seriously affected by it, in life-threatening ways. Older individuals are one known high-risk group, but there are plenty of others in known (and unknown) high-risk groups. Moreover, individuals that are not considered high-risk can also suffer life threatening consequences. The federal government, the state, and local municipalities have urged everyone to

MEMO IN SUPPORT OF MOTION TO INTERVENE
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
Case 3:20-cv-00173-JMK   Document 17-1   Filed 07/28/20   Page 8 of 12   PAGE 8 OF 12

act carefully; even people not in known high-risk groups may need to take extra care to protect themselves and others in their lives, such as elderly parents or health-compromised children. This very court has implemented numerous protocols designed to minimize the risk of contracting COVID-19. In such an environment it is not rational for the Defendants to select one high-risk group to protect (based on constitutionally inappropriate factors) and fail to protect others. Accordingly, the Intervening Plaintiffs' have demonstrated that their interests could be impaired if they are not allowed to intervene in this case to protect those interests.

### D. The Intervening Plaintiffs' Interests are Not Adequately Represented by any Existing Party.

Although the potential intervenor bears the burden of showing inadequate representation, *Northwest Forest Res. Council v. Glickman*, 92 F.3d 825, 838 (9th Cir. 1996), the burden is minimal: the party seeking intervention need only show that the representation of its interests by the existing parties "may be" inadequate. *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). *See also Stringfellow*, 783 F.2d at 827. In evaluating whether another party adequately represents an intervenor's interests, the Ninth Circuit considers three factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*U.S. v. L.A.*, 288 F.3d at 398, quoting *Northwest Forest Resource Council*, 92 F.3d at 838.

No existing party can adequately represent the Intervening Plaintiffs' interests. Intervening Plaintiffs acknowledge that some of their interests align with the Plaintiffs' interests (such as requiring the Defendants to automatically mail absentee ballots to all individuals considered high-risk). Likewise, Intervening Plaintiffs agree with Plaintiffs that Defendants' discriminatory policy disparately impacts Native Alaskans and racial minorities and that is constitutionally improper. Considering Plaintiffs' main goal is to extend the Defendants' policy of automatically mailing

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

MEMO IN SUPPORT OF MOTION TO INTERVENE
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
Case 3:20-cv-00173-JMK   Document 17-1   Filed 07/28/20   Page 9 of 12   PAGE 9 OF 12

absentee ballot applications to other high-risk groups, Plaintiffs may not continue to argue that all voters deserve to automatically receive an absentee ballot application.

Intervening Plaintiffs seek a broader application and would not agree to compromise on this issue because many of their members and their representative populations would not be protected from such a compromise. Alaskans, including the Intervening Plaintiffs, and their members and representative populations, are facing unique challenges. As discussed *supra* COVID-19 has upended daily life including both high-risk and so-called low-risk individuals. In Alaska, schools have been shuttered and instruction has been moved online. Unemployment is rampant. Individuals are juggling multiple priorities. Some of the Intervening Plaintiffs members are unemployed, caring for family members, or attempting to work from home while at the same time providing unprecedented educational support for their children – who are also attending school from home. These conditions coupled with the unknown risk of who will face life threatening consequences from contracting COVID-19 have been completely overlooked by Defendants.

Intervening Plaintiffs will continue to argue that its members, such as the aforementioned, who are supposedly low-risk, deserve the same protections as those Defendants deem as high-risk individuals. Given that so little is known about COVID-19 it is irrational for Defendants to create a discriminatory policy to provide additional access to voting supports based solely on age.

The Plaintiffs are clearly seeking to protect their own interests, (and the interests of its members) and may not always protect the Intervening Plaintiffs' interests. Finally, it is unlikely that any other party will advance all of the arguments or issues that the Intervening Plaintiffs advance because the other parties represent individuals and groups that have different interests and priorities.

As discussed above, the Intervening Plaintiffs and their members and representative populations have a significantly protectable interest in the subject of this action, an interest which may be impaired as a result of the action. Consequently, Plaintiffs cannot adequately protect the Intervening Plaintiffs' interest.

Memo in Support of Motion to intervene
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
Case 3:20-cv-00173-JMK   Document 17-1   Filed 07/28/20   Page 10 of 12
Page 10 of 12

REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, Alaska 99501-1990
Phone (907) 222-7100, Fax (907) 222-7199

## II. The Court Should Grant the Intervening Plaintiffs Permissive Intervention.

At a minimum, therefore, this Court should permit the Intervening Plaintiffs to intervene under Rule 24(b)(2) so that the Intervening Plaintiffs may protect their interests. "Permissive Intervention may be granted when an applicant's claim or defense and the main action have a question of law or fact in common." *Harvey v. Cook,* 172 P.3d 794, 801 (Alaska 2007)(internal quotations and citations omitted). The test for permissive intervention is clearly met here.

First, the Intervening Plaintiffs' issues and arguments and the main action involve some of the same questions of law and fact. Second, the motion is timely; the lawsuit has just been filed and the Intervening Plaintiffs have agreed to the stipulated deadlines recently filed by the Plaintiffs and Defendants. Finally, intervention will not unduly delay these proceedings, nor will it prejudice adjudication of the rights of Plaintiff or Defendants. The Intervening Plaintiffs will abide by any briefing schedule agreed to by the court or the other parties. Accordingly, the Intervening Plaintiffs should also be permitted to intervene under Civil Rule 24(b).

## CONCLUSION

For the reasons discussed above, the Intervening Plaintiffs should be given the opportunity to protect their interests and those of their members. This court should allow the Intervening Plaintiffs to intervene as of right. In the alternative this court should grant permissive intervention to the Intervening Plaintiffs. Finally, even if it denies the Intervening Plaintiffs' motion to intervene, the Court should allow the Intervening Plaintiffs to participate in this proceeding as amici curiae.

DATED at Anchorage, Alaska this 28th day of July 2020.

REEVES AMODIO LLC
Attorneys for Intervening Plaintiffs ACAT,
ACEF and Planned Parenthood

By: /s/ KCBaker for
Thomas P. Amodio  ABA No. 8511142

By: /s/ KCBaker
Keri-Ann C. Baker  ABA No. 1812129

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

MEMO IN SUPPORT OF MOTION TO INTERVENE
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
Case 3:20-cv-00173-JMK  Document 17-1  Filed 07/28/20  Page 11 of 12
PAGE 11 OF 12

Certificate of Service
On this 28th day of July 2020 a true and correct copy of the foregoing
was served upon the following party(ies) through the CM-ECF electronic filing system:

Scott M. Kendall
Samuel G. Gottstein
Homes Weddle & Barcott, PC
701 W 8th Ave., Suite 700
Anchorage, AK 99501
smkendall@hwb-law.com
sgottstein@hwb-law.com

Jason Harrow
Equal Citizens
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
jason@equalcitizens.us

Michael Donofrio
Stris & Maher LLP
28 Elm St., 2d Fl.
Montpelier, VT 05602 m
michael.donofrio@strismaher.com

Kevin Meyer
Lieutenant Governor of Alaska
Office of the Lt. Governor
P.O. Box 110001
Juneau, AK 99811-0001

State of Alaska
Division of Elections
2525 Gambell Street, Suite 100
Anchorage, AK 99503-2838

/s/ Michelle Dehner
_____
Michelle Dehner

Reeves Amodio LLC
500 L Street, Suite 300
Anchorage, Alaska 99501-1990
Phone (907) 222-7100, Fax (907) 222-7199

Memo in Support of Motion to Intervene
*Disability Law Center of Alaska, et al. v. Kevin Meyer, et al.*
Case No. 3:20-cv-00173-JMK
Case 3:20-cv-00173-JMK   Document 17-1   Filed 07/28/20   Page 12 of 12
PAGE 12 OF 12