KEVIN G. CLARKSON
ATTORNEY GENERAL

Margaret Paton-Walsh
(AK Bar No. 0411074)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5275
Facsimile: (907) 276-3697
Email: margaret.paton-walsh@alaska.gov

Attorney for the State of Alaska

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DISABILITY LAW CENTER OF ALASKA, NATIVE PEOPLES ACTION COMMUNITY FUND, ALASKA PUBLIC INTEREST RESEARCH GROUP, ALEIJA STOVER, AND CAMILLE ROSE NELSON, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN MEYER, LIEUTENANT GOVERNOR OF ALASKA, and the STATE OF ALASKA, DIVISION OF ELECTIONS, <br><br> Defendants. | Case No. 3:20-cv-00173-JMK <br><br> **DECLARATION OF JOSH APPLEBEE** |

I, Josh Applebee, declare under penalty of perjury that the following is true and correct:

1. I am the Chief of Staff for Lieutenant Governor Kevin Meyer, who controls and supervises the Alaska Division of Elections. I have personal knowledge of the

matters described in this affidavit.

2. On July 9 and 10, 2020, the Division mailed absentee ballot applications to all registered voters aged 65 and older. This mailing went out to 97,281 voters.

3. As the potential severity of the COVID-19 pandemic became increasingly apparent in April of 2020, the Alaska Legislature enacted SB 241 to address many aspects of the State's response to the pandemic. Among other things, it authorized—but did not require—the Division of Elections to conduct the 2020 elections entirely by mail. 2020 SLA ch. 10, § 9.

4. In evaluating whether to pursue this option, the Lieutenant Governor's Office and the Division of Election weighed the current state of the pandemic in Alaska, contemporaneous scientific and medical understanding of the character of the disease—particularly demographic groups that were thought to be especially vulnerable—and the administrative complexity of conducting statewide elections by mail with just a few months to prepare.

5. In April and May, when daily infection counts were still low in Alaska, the Lieutenant Governor decided that a hasty conversion to an all-by-mail election was inadvisable and instead looked at options for increasing absentee voting while not overwhelming the administrative capacity of the Division of Elections.

6. To that end, the Lieutenant Governor decided to supplement the Division's new online absentee ballot application system with an additional absentee voting outreach effort aimed at elderly voters, mailing voters 65 and older a paper absentee ballot application form.

*DLC, et al. v. Meyer, et al.*                                                                               Case No. 3:20-cv-00173-JMK
Declaration of Josh Applebee                                                                          Page 2 of 5

*DLC, et al. v. Meyer, et al.*     Case No. 3:20-cv-00173-JMK
Declaration of Josh Applebee     Page 2 of 5
Case 3:20-cv-00173-JMK   Document 25   Filed 08/03/20   Page 2 of 5

7. The Lieutenant Governor arranged this mailing because public health officials at the time identified people 65 and older as a high-risk group who must be particularly careful to avoid exposure to COVID-19. Such voters may therefore wish to avoid going to the polls, standing in close proximity, and using touch screens or handling ballots. They may also be less comfortable using—and have more limited access to—the online ballot application system.

8. Although the Lieutenant Governor understands that there are other high-risk groups, the Division of Elections has access only to limited information about voters and is not able to identify all disabled voters or all those with underlying medical conditions that make them particularly vulnerable to COVID-19.

9. I assisted in preparing and coordinating this mailing to voters aged 65 and older. The timeline related to the mailing was as follows:

    a. On May 15, the Lieutenant Governor publicly announced that the Division will be conducting regular elections with in-person voting on Election Day (along with other normally available options such as absentee and early voting) rather than hastily converting to an entirely by-mail election system.

    b. On May 26, we discussed procurement options for the mailing.

    c. On June 1, we learned that our mailing list would be approximately 98,500 and the approximate cost of the mailing $49,250, meaning we could use the "request for quote" process for procurements under $100,000 (which takes 5-7 days) instead of the longer "invitation to bid" process (which takes 3-4 weeks).

    d. On June 2, a request for quotes was emailed to three vendors.

*DLC, et al. v. Meyer, et al.*            Case No. 3:20-cv-00173-JMK
Declaration of Josh Applebee            Page 3 of 5
Case 3:20-cv-00173-JMK    Document 25    Filed 08/03/20    Page 3 of 5

e. On June 11, in an interview with the media, the Lieutenant Governor publicly announced the forthcoming mailing.

f. On June 19, a purchase order was submitted.

g. On June 22, the proofs of the mailing were approved.

h. On June 24, the vendor reported that it was still waiting to receive envelopes to complete the mailing. The Division has learned through several sources that counties and states throughout the country have run into printing supply shortage issues because of the increased volume of voting by mail.

i. On July 8, the Division received confirmation of the mailing.

10. The estimated final cost of the mailing was $.52/piece. The quoted price for printing was $12,608 and the postage was $37,877.55.

11. A similar mailing to all remaining registered voters in the state (approximately 491,272 people) would cost approximately $255,461 at $.52/piece. It is not clear whether any vendor in the state has the supplies on hand to complete a mailing order of this size right away. And because this mailing would cost over $100,000, state law would typically require that the procurement be arranged through the "invitation to bid" process, which generally takes 3-4 weeks.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 3rd, 2020.

*/s/ Josh Applebee*  
Josh Applebee  
Chief of Staff  
Lt. Governor Kevin Meyer

*DLC, et al. v. Meyer, et al.*     Case No. 3:20-cv-00173-JMK  
Declaration of Josh Applebee     Page 4 of 5  
Case 3:20-cv-00173-JMK   Document 25   Filed 08/03/20   Page 4 of 5

## CERTIFICATE OF SERVICE

I certify that on August 3rd, 2020, the foregoing document was served on all parties via the CM/ECF filing system.

>  */s/ Margaret Paton-Walsh*
> Margaret Paton-Walsh
> Assistant Attorney General

*DLC, et al. v. Meyer, et al.*     Case No. 3:20-cv-00173-JMK
Declaration of Josh Applebee     Page 5 of 5
Case 3:20-cv-00173-JMK    Document 25    Filed 08/03/20    Page 5 of 5