IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DISABILITY LAW CENTER OF ALASKA; NATIVE PEOPLES ACTION COMMUNITY FUND; ALASKA PUBLIC INTEREST RESEARCH GROUP; ALEIJA STOVER; and CAMILLE ROSE NELSON,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN MEYER, Lieutenant Governor of Alaska; and STATE OF ALASKA, DIVISION OF ELECTIONS,<br><br>Defendants. | Case No. 3:20-cv-00173-JMK<br><br>**ORDER RE: INTERVENTION AND BRIEFS OF AMICI CURIAE**<br>**(Dockets 17, 18, 26)** |

## I. MOTIONS PRESENTED

Before this Court are Alaska Community Action on Toxics ("ACAT"), Alaska Center Education Fund ("ACEF"), and Planned Parenthood Votes Northwest & Hawaii ("PPNW"), collectively "intervening plaintiffs," with two motions: (1) a motion to intervene, or in the alternative, for leave to file an amicus curiae brief[1]; and (2) a motion for joinder to Plaintiffs' Motion for Preliminary Injunction[2]. The motion to intervene was not accompanied by a proposed complaint setting out intervening plaintiffs' claims.

---
[1] Docket 17.
[2] Docket 18.

Defendants oppose[3].  Meanwhile, Honest Elections Project ("HEP") filed a motion for leave to file an amicus curiae brief (a copy of which HEP attached) in support of Defendants.[4]  HEP's motion is not opposed by Plaintiffs, and no position was stated by Defendants.

The background facts and status of this case are known to the parties and proposed intervenors, and will not be recounted here.  ACAT, ACEF, and PPNW assert that they are entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a); or, in the alternative, that this Court should grant them permissive intervention under Rule 24(b).  Should the Court decline to allow intervention, ACAT, ACEF, and PPNW ask the Court to allow them to participate as amici curiae.  HEP also asks to participate as amicus curiae.

## II.   INTERVENTION OF RIGHT

Intervention by right and permissive intervention are governed by Rule 24.[5]  Here, ACAT, ACEF, and PPNW first claim they are entitled to participate in this case

---

[3] Docket 27.
[4] Docket 26.
[5] Fed. R. Civ. P. 24:
    (a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
       (1) is given an unconditional right to intervene by a federal statute; or
       (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
    (b) PERMISSIVE INTERVENTION.
       (1) *In General.* On timely motion, the court may permit anyone to intervene who:
       (A) is given a conditional right to intervene by a federal statute; or
       (B) has a claim or defense that shares with the main action a common question of law or fact.
       . . . .

*Disability Law Center of Alaska, et al. v. Meyer, et al.*                                     Case No. 3:20-cv-00173-JMK
Order re: Intervention and Briefs of Amici Curiae (Dockets 17, 18, 26)            Page 2
Case 3:20-cv-00173-JMK   Document 29   Filed 08/11/20   Page 2 of 7

under Rule 24(a)(2). To evaluate whether ACAT, ACEF, and PPNW are entitled to intervene as a matter of right, the Court considers the following four factors:[6]

    1.    Timeliness of the motion;

    2.    Intervenors demonstrate a "significantly protectable" interest;

    3.    Case's disposition would impair or impede intervenors' ability to protect that interest; and

    4.    Intervenors' interest(s) are not adequately represented by existing parties.

This Court generally construes Rule 24(a) broadly in favor of intervenors, in part because doing so can assist with efficient judicial resolution of issues.[7]

**A.    Timeliness**

The intervenors claim their motion is timely, as it was filed eight days after the case was removed to federal court, and the case is in "a preliminary phase."[8] Intervening plaintiffs promise to abide by existing stipulated filing deadlines. Defendants do not explicitly counter that the motion to intervene is untimely; but, they do suggest that granting intervenors' application would cause them prejudice by requiring Defendants to

---

    (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

    (c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

[6] *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817–18 (9th Cir. 2001).
[7] *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).
[8] Docket 17-1 at 6.

*Disability Law Center of Alaska, et al. v. Meyer, et al.*     Case No. 3:20-cv-00173-JMK
Order re: Intervention and Briefs of Amici Curiae (Dockets 17, 18, 26)     Page 3
Case 3:20-cv-00173-JMK   Document 29   Filed 08/11/20   Page 3 of 7

respond to additional arguments after they already have opposed Plaintiffs' motion for preliminary injunction.

The Court is committed to maintaining the expedited briefing schedule leading to oral argument on the preliminary injunction on August 25, 2020.[9] Although the motion to intervene may be considered timely with respect to the litigation of this case on the whole, the Court recognizes the prejudice to Defendants with respect to the litigation at the preliminary injunction phase.

**B.     Significantly Protectable Interest**

The Court is persuaded by Defendants' contention that it is difficult to evaluate whether intervenors demonstrate a significantly protectable interest, in part because they failed to include a pleading that sets out their claims in accordance with Rule 24(c). Nevertheless, in their motion to intervene, ACAT, ACEF, and PPNW state that their interests are to protect the equal voting rights of all members and representative populations, including individuals at high-risk from COVID-19 exposure, as well as individuals that would be considered low-risk.[10] Defendants assert that intervening plaintiffs have not connected their interest to a specific harm that affects their members.[11] This Court agrees: while the intervenors have enumerated their interests are to represent all their members who are voters, they do not provide sufficient information for the Court

---

[9] *See* Docket 20.
[10] Docket 17-1 at 7.
[11] Docket 27 at 3.

*Disability Law Center of Alaska, et al. v. Meyer, et al.*     Case No. 3:20-cv-00173-JMK
Order re: Intervention and Briefs of Amici Curiae (Dockets 17, 18, 26)     Page 4

Case 3:20-cv-00173-JMK   Document 29   Filed 08/11/20   Page 4 of 7

to determine if their interest is a significantly protectable one, even when construed broadly in the intervenors' favor.

## C. Ability to Protect Their Interest

Assuming *arguendo*, that intervening plaintiffs do have a significantly protectable interest, intervening plaintiffs' goal in participating in this litigation could reasonably be characterized as such: that Defendants ought to send the same paper application for absentee ballots to all voters, and not just to voters in a particular group. Yet Alaska law already provides for this procedure, and Defendants' claim that "every Alaskan household with a registered voter will receive a paper absentee ballot application by mail in advance of the general election."[12] Therefore, the disposition of this case would not affect intervenors' ability to protect their interest.

## D. Inadequate Representation

ACAT, ACEF, and PPNW argue that their interests differ from Plaintiffs'. According to intervenors, Plaintiffs currently represent the interests of their high-risk members who are under the age of 65.[13] Intervening plaintiffs are therefore needed to protect the interests of all voters, including lower-risk individuals. Plaintiffs' amended complaint specifically states their proposed remedy: "an order requiring Defendants to send absentee applications to all eligible voters in Alaska."[14] Consequently, Plaintiffs' goal encompasses the goals of the intervenors with respect to the instant litigation. The

---

[12] *See* Docket 27 at 3–4.
[13] Docket 17-1 at 10.
[14] Docket 8-1 at 19 ¶ 50.

*Disability Law Center of Alaska, et al. v. Meyer, et al.*                                                                                    Case No. 3:20-cv-00173-JMK
Order re: Intervention and Briefs of Amici Curiae (Dockets 17, 18, 26)                                          Page 5
Case 3:20-cv-00173-JMK     Document 29     Filed 08/11/20     Page 5 of 7

interests that intervenors appear to raise will be addressed substantially by Plaintiffs, as Plaintiffs strive to ensure all voters will receive absentee ballot applications.

For the reasons stated above, the Court declines to find that intervening plaintiffs are entitled to intervention as a matter of right.

### III. PERMISSIVE INTERVENTION

To grant permissive intervention, the Court must find that the intervenor "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."[15] "The court may also consider other factors in the exercise of its discretion, including the nature and extent of the intervenors' interest and whether the intervenors' interests are adequately represented by other parties . . . [and the Court is] also required to consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[16] Applying these considerations, the Court declines to grant permissive intervention for the reasons mentioned in the discussion above.

### IV. AMICI CURIAE

However, the Court understands the aspiration of intervening plaintiffs to participate in this litigation to the extent that they will add a different perspective than that of Plaintiffs. A district court has broad discretion regarding the appointment of amici.[17] Therefore, the Court grants intervenors' alternative motion for leave to file an amici curiae

---

[15] *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (internal citation omitted).
[16] *Id.*
[17] *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982).

*Disability Law Center of Alaska, et al. v. Meyer, et al.*     Case No. 3:20-cv-00173-JMK
Order re: Intervention and Briefs of Amici Curiae (Dockets 17, 18, 26)     Page 6

Case 3:20-cv-00173-JMK    Document 29    Filed 08/11/20    Page 6 of 7

brief. Here, the Court will accept a joint brief of amici curiae from ACAT, ACEF, and PPNW, on the condition that it be filed by Monday, August 17, 2020, and not exceed 30 pages.[18] Defendants need not respond to the amici curiae brief in writing, although, should they wish to, they are permitted to file a brief in opposition in writing by August 24, 2020.

## V. HEP'S MOTION

Concurrently, the Court hereby grants HEP's motion to file its amicus brief,[19] which is unopposed by Plaintiffs. That brief already has been submitted.

## VI. CONCLUSION

The ACAT, ACEF, and PPNW motion to intervene[20] is **DENIED IN PART** and **GRANTED IN PART**. ACAT, ACEF, and PPNW are granted leave to file a joint amicus curiae brief by Monday, August 17, 2020, not to exceed 30 pages. The ACAT, ACEF, and PPNW motion for joinder[21] is **DENIED**. The HEP motion for leave to file an amicus curiae brief[22] is **GRANTED**, and the Clerk of Court is directed to accept the proposed amicus curiae brief[23] and enter it into the record.

IT IS SO ORDERED this 11th day of August, 2020, at Anchorage, Alaska.

                                              */s/ Joshua M. Kindred*
                                              JOSHUA M. KINDRED
                                              United States District Judge

---

[18] *See Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) ("No matter who a would-be amicus curiae is . . . the criterion for deciding whether to permit the filing of an amicus brief should be the same: whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.").
[19] Docket 26.
[20] Docket 17.
[21] Docket 18.
[22] Docket 26.
[23] Docket 26-1.

*Disability Law Center of Alaska, et al. v. Meyer, et al.*                                Case No. 3:20-cv-00173-JMK
Order re: Intervention and Briefs of Amici Curiae (Dockets 17, 18, 26)                 Page 7
Case 3:20-cv-00173-JMK    Document 29    Filed 08/11/20    Page 7 of 7