CLYDE "ED" SNIFFEN, JR.
ACTING ATTORNEY GENERAL

Margaret Paton-Walsh
(AK Bar No. 0411074)
Lael Harrison
(AK Bar No. 0811093)
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5275
Facsimile: (907) 276-3697
Email: margaret.paton-walsh@alaska.gov
       lael.harrison@alaska.gov

Attorneys for the State of Alaska

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DISABLE LAW CENTER OF ALASKA, NATIVE PEOPLES ACTION COMMUNITY FUND, ALASKA PUBLIC INTEREST RESEARCH GROUP, ALEIJA STOVER, AND CAMILLE ROSE NELSON, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN MEYER, LIEUTENANT GOVERNOR OF ALASKA, and the STATE OF ALASKA, DIVISION OF ELECTIONS, <br><br> Defendants. | Case No. 3:20-cv-00173-JMK <br><br> **OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL** |

On September 3, the court issued an order denying the plaintiffs' motion for

preliminary injunction in this matter. [Docket 36] The plaintiffs have filed a notice of

appeal, [Docket 37] and now move for entry of an injunction pending appeal. [Docket 38] This Court should deny the motion for two reasons: first, because the unusual posture of this case means that granting the motion would moot the plaintiffs' appeal; and second, because the plaintiffs have offered only perfunctory briefing in support of their request, ignoring the requirements of the Civil Rules and reiterating arguments that this Court has already rejected.

First, the plaintiffs are requesting a mandatory injunction providing all the relief they requested in their original preliminary injunction motion. But because the requested injunction involves ordering the State to undertake a single, affirmative act—mailing paper absentee ballot applications to all registered Alaska voters who have not yet received one—issuing the injunction pending appeal would simply grant plaintiffs relief this court already ruled they are not entitled to and moot the appeal. Having failed to meet their burden and lost their original motion for injunctive relief, the plaintiffs may not secure a back-door victory in this litigation under the auspices of an "injunction pending appeal."

Second, although the plaintiffs cite Federal Rule of Civil Procedure 62(d) they ignore its plain terms. The rule allows the court to "grant an injunction *on terms for bond or other terms that secure the opposing party's rights*." But here, to the contrary, granting the injunction pending appeal would give the plaintiffs all the relief they requested in the initial preliminary injunction—which in turn requested the full measure of relief demanded in their complaint—and the plaintiffs have suggested no terms, nor can the defendants think of any, by which the defendants' rights could be secured while at the

*DLC, et al. v Meyer, et al.*            Case No. 3:20-cv-00173-JMK
Opp. to Mot. for Injunction Pending Appeal            Page 2 of 4
Case 3:20-cv-00173-JMK   Document 39   Filed 09/09/20   Page 2 of 4

same time ordering them to provide the plaintiffs with full relief.

To justify this extraordinary request, the plaintiffs offer only the unsupported assertion that this Court's ruling that the Twenty-Sixth Amendment was not violated was "incorrect;" and a mischaracterization of the State's explanation for limiting its mailing only to older voters. [Mot. at 2] To be clear, the State did not mail paper absentee ballot applications to voters aged 65 and over in order to get those voters to use the online absentee ballot application system. Instead, the State mailed paper applications to this subset of voters anticipating that this at-risk group would be most likely to want to vote absentee and most likely to prefer to apply with a paper form. The State reasonably decided against sending unsolicited paper applications to *all* Alaska voters in the hope that other voters who wanted to vote absentee would apply through the online system, thereby balancing the operational and administrative strain on the Division of Elections. There is nothing irrational about this, as this Court has already recognized.

Because the plaintiffs have not shown that they are entitled to an injunction and because an injunction would effectively moot their appeal and decide the case in their favor, the State respectfully asks the Court to deny the plaintiffs' motion.

DATED September 9, 2020.

                    CLYDE "ED" SNIFFEN, JR.
                    ACTING ATTORNEY GENERAL

                    By:   */s/ Margaret Paton-Walsh*
                            Margaret Paton-Walsh
                            (AK Bar No. 0411074)
                            Lael Harrison
                            (AK Bar No. 0811093)
                            Assistant Attorneys General

*DLC, et al. v Meyer, et al.*                       Case No. 3:20-cv-00173-JMK
Opp. to Mot. for Injunction Pending Appeal          Page 3 of 4
Case 3:20-cv-00173-JMK   Document 39   Filed 09/09/20   Page 3 of 4

Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5275
Facsimile: (907) 276-3697
Email: margaret.paton-walsh@alaska.gov
lael.harrison@alaska.gov

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2020, the foregoing document was served on all parties via the CM/ECF system.

*/s/ Margaret Paton-Walsh*
Margaret Paton-Walsh
Assistant Attorney General

*DLC, et al. v Meyer, et al.*     Case No. 3:20-cv-00173-JMK
Opp. to Mot. for Injunction Pending Appeal     Page 4 of 4
Case 3:20-cv-00173-JMK   Document 39   Filed 09/09/20   Page 4 of 4